**Daud KALEMBANG, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70728.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Eugene C. Wong, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Patricia A. Smith, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Daud Kalembang, his wife and their daughter, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the agency's finding of no past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Indonesian Christians, Kalembang has not established the comparatively low level of individualized risk required to compel a finding of a well-founded fear of future persecution. *Cf. id.* Further, the record does not compel the conclusion that Kalembang demonstrated a pattern or practice of persecution against Indonesian Christians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Finally, Kalembang has failed to establish a well-founded fear of future persecution on account of an imputed political opinion. *See Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir.1990). Therefore, Kalembang's asylum claim fails.

Because Kalembang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Ghaly,* 58 F.3d at 1429.

Finally, substantial evidence supports the agency's denial of the CAT claim because Kalembang has failed to show it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**